**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**TINA MARIE FARLEY** | **Case No. 2:23-cr-00532-JDW** |

## <u>MEMORANDUM</u>

Tina Marie Farley pled guilty to manufacturing child pornography and enticement of a minor in January 2025. For these crimes, I sentenced her to 420 months in prison. Now, she claims that her counsel was constitutionally deficient because he failed to investigate her case, recommended that she accept the government's plea offer, did not explain certain proceedings to her, and failed to advise her that she could file an appeal. These claims are baseless.

## I.    BACKGROUND

### A.    Pre-Trial Proceedings And Guilty Plea

On December 19, 2023, a grand jury returned a two-count indictment against Ms. Farley, charging her with one count of manufacturing child pornography, in violation of 18 U.S.C. §§ 2251(b) and (e) (Count 1), and one count of use of an interstate commerce facility to entice a minor, and attempt to entice a minor, to engage in sexual conduct, in violation of 18 U.S.C. §§ 2422(b) and 2 (Count 2). On January 8, 2025, Ms. Farley knowingly and voluntarily pled guilty to both counts of the indictment pursuant to a

plea agreement with the government. Under that agreement, Ms. Farley waived her right to appeal, collaterally attack, or otherwise challenge her conviction or sentence, subject to four exceptions: (1) her sentence exceeded the statutory maximum; (2) the court erroneously imposed an upward departure in the guideline calculation; (3) the court imposed an upward variance from the guideline range; or (4) an attorney who represented her provided constitutionally ineffective assistance of counsel.

On May 13, 2025, I sentenced Ms. Farley to 360 months' imprisonment as to Count 1, and 420 months as to Count 2, to be served concurrently. During that sentencing, Ms. Farley confirmed that she was clear-headed, able to understand the proceedings, and that there was no reason the sentencing should not go forward. At the close of the sentencing proceeding, I instructed counsel for Ms. Farley to advise her of her appellate rights and counsel did so, stating as follows: "You have 14 days from today …. I'm still your court appointed attorney, so if you ask me to do so, I would do it." (ECF 43 at 30:1–11.)

B.    Section 2255 Motion

On April 29, 2026, Ms. Farley filed a Motion To Vacate, Set Aside, Or Correct A Sentence Pursuant To 28 U.S.C. § 2255. In her Motion, Ms. Farley asserts four grounds for relief, each premised on alleged ineffective assistance of counsel: (1) counsel recommended that she take the government's plea deal; (2) counsel failed to investigate other individuals who may have had access to the house where the crimes were

2

committed; (3) counsel did not explain the proceedings to Ms. Farley throughout the process; and (4) counsel failed to advise her that she could file an appeal. The Government opposes Ms. Farley's motion, which is ripe for review.

## II.    LEGAL STANDARD

Section 2255(a) permits a prisoner serving a federal sentence to move the sentencing court to "vacate, set aside, or correct the sentence" where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To obtain relief pursuant to § 2255(a), "a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Cleary*, 46 F.3d 307, 310 (3d Cir. 1995) (quotation omitted). This heightened standard reflects "the great interest in finality of judgments," which "has special force with respect to convictions based on guilty pleas." *Id.* (quotation omitted).

Section 2255(b) requires a district court to hold a hearing to resolve the issues and make factual findings and legal conclusions on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief …." 28 U.S.C. § 2255(b). In determining whether to hold a hearing, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Forte*, 865

3

F.2d 59, 62 (3d Cir. 1989). The district court need not investigate a movant's claims based on "vague and conclusory allegations." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). However, if the movant alleges any non-frivolous facts that, accepted as true, would warrant relief under § 2255(a), then the court must hold an evidentiary hearing. *See United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005).

## III.    DISCUSSION

Because all of Ms. Farley's arguments allege ineffective assistance of counsel, the familiar standard from *Strickland v. Washington*, 466 U.S. 668 (1984), governs. Under *Strickland's* two-part inquiry, Ms. Farley "must show that counsel's performance was deficient" by demonstrating that her "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. In addition, Ms. Farley "must show that the deficient performance prejudiced the defense." *Id.* To make this showing in a case involving a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *United States v. Bui*, 795 F.3d 363, 367 (3d Cir. 2015) (quotation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Ms. Farley has not demonstrated that her counsel's performance was deficient. She asserts, "All my attorney did was to keep telling me to take this plea deal. It was the

only deal I was going to get. He never investigated anyone in the house that had access. He never explained anything to me throughout the whole process." (ECF 42 at 5.) But Ms. Farley does not suggest what her attorney might have investigated or what he needed to explain for her to understand the charges against her. In particular, she has not identified anyone else who she says had "access" or what they might have had access to. Her "bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing," let alone a finding of deficient performance. *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010) (citation omitted). Nor has she shown that counsel's recommendation that she accept the plea agreement was deficient, particularly in light of the facts to which she allocated at her plea hearing.

Ms. Farley also has not demonstrated prejudice from anything her counsel did. She has not shown that further investigation would have turned up more information. She has not shown that with more information or better explanations, she would have gone to trial. See *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Finally, the record contradicts Ms. Farley's claim that counsel failed to advise her of her right to appeal. At the conclusion of Ms. Farley's sentencing, I instructed counsel for Ms. Farley to advise her of her appellate rights, and counsel did so on the record. (ECF 43 at 30:1–11.) In short, Ms. Farley has not demonstrated that relief is warranted, and I need not investigate further based on her conclusory allegations.

## IV.    CONCLUSION

I will deny Ms. Farley's motion without a hearing because her claims of alleged ineffective assistance of counsel are based on undeveloped, conclusory allegations or are frivolous. Also, because Ms. Farley has not made a "substantial showing of the denial of a constitutional right," and no reasonable jurist would debate that finding, I will not issue a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

July 14, 2026